**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Jason Christian Berger,<br><br>　　　　　　Defendant. | No. CR-13-08075-001-PCT-DLR<br><br>**ORDER** |

  Before the Court is Defendant's Motion to Terminate Sentence. (Doc. 169.) The motion is fully briefed (Docs. 169, 173), and for the reasons set forth herein is denied.

  Defendant is serving the terminal disposition sentence he received after his third supervised release revocation. He is currently in the custody of Behavioral Systems Southwest, a residential reentry center in Phoenix. However, the Bureau of Prisons has sole authority to determine his place of imprisonment. His release date is March 7, 2024. The Court finds that Defendant's motion is a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

  Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court may grant a sentence reduction as a compassionate release if it finds "extraordinary and compelling reasons warrant such a reduction" and the reduction is consistent with Sentencing Commission policy statements found in U.S.S.G. § 1B1.13. A defendant can file a motion for compassionate release only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of

Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Defendant has done neither. Defendant has not exhausted his administrative remedies, nor has he shown the existence of extraordinary and compelling reasons for a compassionate release.

Defendant's allegations that his mother needs him without explaining why he's been unable to see her is not an extraordinary and compelling reason for early release. He is eligible for home passes from his residential reentry center. His claim that the property he would like to visit is too rural is not an extraordinary and compelling reason for early release. Defendant's motion alleges that he was falsely accused of using cocaine. That is no extraordinary or compelling reason for early release. The Ninth Circuit previously found that issue irrelevant, noting that "the record shows that Berger's supervised release was not revoked for his alleged use of cocaine or for failing to attend drug treatment. Rather, his supervised release was properly revoked upon his admission that he had failed to appear for mandatory drug tests." *United States v. Berger*, No. 22-10252, 2023 WL 3597454, at *1 (9th Cir. May 16, 2023).

In finding that no extraordinary and compelling reasons exist for a compassionate release, the Court has considered the risk Defendant poses to the community. Defendant poses a danger to the safety of other persons and the community. He has made statements to his probation officer that he plans to kill his past victims, the family he has threatened in the past, and he remains focused on that family. Coupling his threats with the fact that his underlying offense involved the unlawful possession of a machine gun, the Defendant is a real danger to the threatened family and the public in general. There is nothing presented in his motion that overcomes the threat Defendant poses.

//
//
//
//

**IT IS ORDERED** that Defendant's Motion to Terminate Sentence (Doc. 169) is **DENIED**.

Dated this 29th day of September, 2023.

_____
Douglas L. Rayes
United States District Judge